JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ROGER HARTLEY
        Plaintiff,

v.

HENRY RUBIO, CITY OF NEW YORK,
NEW YORK CITY DEPARTMENTOF
EDUCATION And DOES 1-10 INCLUSIVE
        Defendants

08 CIV 4461

CIVIL ACTION NO.

JURY TRIAL DEMAND

RECEIVED
MAY 13 2008
S.D.N.Y.
U.S.D.C.
CASHIERS

Plaintiff Roger Hartley as and for his complaint, by his undersigned counsel, alleges as follows:

**INTRODUCTION**

1.    This is a suit to obtain relief for racial discrimination and assault by defendant.

**JURISDICTION and VENUE**

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §1981 and 28 U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28 U.S.C. §§1343 and 1343(4) and under 29 U.S.C.A. §207(a)(1). This Court's supplemental jurisdiction is invoked on state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C.A. § 1391, as the events in question occurred in New York County, New York.

3.    The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

4.    As the unlawful acts complained of herein occurred within New York County, venue is proper in this District.

1

## PARTIES

5.  That at all relevant times, the Plaintiff Roger Hartley, was a resident of the County of the Bronx, State of New York. Hartley is an African American male

6.  That at all relevant times, the defendant, Henry Rubio was and still is a resident of the County of the State of New York.  Henry Rubio is an Hispanic Male.

7.  That at all relevant times, the defendants City of New York and New York City Department of Education (hereinafter collectively "City of New York") was and still is a municipality within the  State of New York, and operate offices from in the Bronx, New York

8.  That for most of the relevant time hereinafter mentioned, plaintiff Roger Hartley was employed as a teacher at for the City of New York.

9.  That on or about March 22, 2007 the plaintiff was assaulted by defendant Henry Rubio while on the premises of Philip Randolph High School.

10. That following said assault the plaintiff called the police.  And that following this incident and plaintiff reporting this incident to the police, Rubio had plaintiff removed to a different class within the school system.

11. Plaintiff believes this action was in retaliation to these incidents.

12. Plaintiff also believes that no other Hispanics or whites were treated this way and that the actions taken by Mr. Rubio are based on plaintiff's race and national origin.

13. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline Henry Rubio for violations of the constitutional rights of plaintiff, thereby allowing Rubio to engage in unlawful conduct.

14. A written claim was filed upon the City of New York, and  at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

15. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

2

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff adopts and incorporates each allegation designated above in support of this count.

17. In light of the foregoing therefore, the defendants discriminated against plaintiff on account of his race and national origin in violation of 42 U.S.C. Sec. 1981..

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR ASSAULT

18. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

19. In light of the foregoing therefore, the defendants assaulted the plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS BATTERY

20. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

21. In light of the foregoing therefore, the plaintiff asserts that the defendants battered him.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW RETALIATION

22. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

23. In light of the foregoing therefore, plaintiff asserts that the conduct of the defendants were retaliatory.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEW YORK STATE EXECUTIVE LAW §296, et seq. and NEW YORK CITY HUMAN RIGHTS LAW - RACIAL DISCRIMINATION

24. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

25. In light of the foregoing therefore, plaintiff asserts that the conduct of the defendants were racially discriminatory.

3

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR DISCRIMINATION BASED ON CERTAIN LAWFUL ACTIVITIES

26. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

27. In light of the foregoing therefore, plaintiff asserts that the defendants discriminated against him on the basis of certain lawful activities.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NATIONAL ORIGIN DISCRIMINATION

28. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

29. In light of the foregoing therefore, plaintiff asserts that the defendants discriminated against him on the basis of national origin.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR INTENTIONAL AND NEGLIGENT INFLCITION OF EMOTIONAL DISTRESS

30. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

31. In light of the foregoing therefore, plaintiff asserts that the conduct of the defendants resulted in the infliction of emotional distress.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST CITY OF NEW YORK FOR NEGLIGENT SUPERVISION OR RETENTION OF AN UNFIT EMPLOYEE

32. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

33. In light of the foregoing therefore, plaintiff asserts that the conduct of the defendants resulted in the retention and negligent supervision of an unfit employee.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Roger Hartley, demands judgment as follows:

(a)against all defendants, declaring the acts and practices complained of herein are in violation of

4

§1981, The Human Rights Law of the City of New York and the Laws of New York.

(b)enjoining and permanently restraining these violations of §1981, The Human Rights Law of the City of New York and the Laws of New York.

(c)directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiffs' employment opportunities;

(d)directing defendants to make them whole for all earnings he would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

(e)to award plaintiff front pay, including, but not limited to, wages, pension, bonuses, and lost benefits;

(f)Directing defendants to pay plaintiff an additional amount as compensatory damages for his pain and suffering;

(g)Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(h)Awarding plaintiff such interest as is allowed by law;

(i)Awarding plaintiff reasonable attorneys' fees and costs;

(j)Trial by Jury; and

(k)Granting such and further relief as this Court deems necessary and proper including awarding plaintiff, Roger Hartley, such damages as may be proved at trial, including back pay, front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

Dated:        Brooklyn, New York              Respectfully submitted,
              May 9, 2008

                                              /S/
                                              NKEREUWEM UMOH [NU7233]; UZOMA EZE
                                              Attorneys for Plaintiff
                                              255 Livingston Street, 4th Floor
                                              Brooklyn, NY 11217
                                              718.360.0527


Defendant's Address:
100 Church Street
New York, New York 10007

6