UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ROGER HARTLEY

                                         Plaintiff,

                             -v.-

HENRY RUBIO, CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF EDUCATION And DOES 1-
10 INCLUSIVE

                                     Defendants.

------------------------------------------------------------------ x

**ANSWER**

08 CIV 4461 (NRB)

       Defendants City of New York and the New York City Department of Education ("city defendants")[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint.

       4. Deny the allegations set forth in paragraph "4" of the complaint.

       5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

---

[1] On information and belief, the City of New York and Department of Education are the only defendants who have been served with the summons and complaint as of the date of this answer.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that defendant Rubio is a male and deny knowledge or information sufficient to form a belief as to whether defendant Rubio is Hispanic.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff commenced employment with the DOE on July 29, 1976.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that a Notice of Claim was filed with the Comptroller's Office on June 13, 2007.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "15"of its answer as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the petition.

18. In response to the allegations set forth in paragraph "18" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "17"of their answer as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "19" of their answer as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "21" of their answer as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "23" of their answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "25" of their answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "27" of their answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "29" of their answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, city defendants repeat and re-allege the responses set forth in paragraphs "1" through "31" of their answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

### FOR A FIRST DEFENSE:

34.  The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

35.  All of city defendants' employment decisions and actions concerning the plaintiff were based on legitimate, non-discriminatory business considerations.

### FOR A THIRD DEFENSE:

36.  City defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States/or the State of New York or any political subdivision thereof.

### FOR A FOURTH DEFENSE:

37.  The conduct of city defendants was at all times lawful, proper and carried out in conformity with the Constitution and laws of the United States as well as the Constitution and laws of the State of New York and all applicable rules and regulations of the City of New York.

### FOR A FIFTH DEFENSE:

38.  City defendants have not and did not engage in a policy and practice or custom in discriminating or retaliating against plaintiff or anyone else based on race and national origin.

### FOR A SIXTH DEFENSE:

39. Plaintiff has failed to comply with the notice of claim requirements of Education Law 3813.

### FOR A SEVENTH DEFENSE:

40. Any injuries alleged in the complaint were caused in whole or in part by plaintiff's culpable or negligent conduct.

### FOR AN EIGHTH DEFENSE:

41. This action is barred in part by the applicable statute of limitations.

### FOR A NINTH DEFENSE

42. Plaintiff's claim for front and/or back pay are barred by his failure to mitigate damages.

### FOR A TENTH DEFENSE

43. The complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or governmental subdivision.

### FOR AN ELEVENTH DEFENSE

44. Plaintiff failed to pursue the administrative remedies afforded to him by the Education Law.

### FOR A TWELFTH DEFENSE

45. A claim for intentional infliction of emotional distress may not be asserted against city defendants.

### FOR A THIRTEENTH DEFENSE

46. The City of New York was not and is not the employer of the individually named defendant.

## FOR A FOURTEENTH DEFENSE

47.   City defendants may not be liable under the doctrine of Respondeat Superior.

**WHEREFORE,** city defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         August 4, 2008

>           MICHAEL A. CARDOZO
>           Corporation Counsel of the
>             City of New York
>           Attorney for Defendants City of New York and
>           NYC Department of Education
>           100 Church Street, Room 2-118
>           New York, New York 10007
>           (212) 442-0144
>
> By:      *[signature]*
>           Robyn Silvermintz
>           Assistant Corporation Counsel
>           rsilverm@law.nyc.gov

**CERTIFICATE OF SERVICE**

I, **Robyn Silvermintz,** hereby certify that, on August 4, 2008, I caused a true and correct copy of the foregoing Answer to the Complaint to be served upon plaintiff, in a prepaid postage envelope first-class mail, addressed to

> Uzoma Eze
> Nkereuwem Umoh
> 255 Livingston St., 4th Floor
> Brooklyn, NY 11217

that being the address that plaintiff designated for receipt of such material.

Dated:   New York, New York
         August 4, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
Attorney for Defendants City of New York
and NYC Department of Education
100 Church Street, Room 2-118
New York, New York 10007
(212) 442-0144

By: _____
       Robyn Silvermintz
       Assistant Corporation Counsel
       rsilverm@law.nyc.gov